United States District Court
Northern District of California

1

2

3

4

5

6

7            UNITED STATES DISTRICT COURT

8            NORTHERN DISTRICT OF CALIFORNIA

9

10    FREDERICK WILSON, JR.,                     Case No. 16-cv-03366-JSC

11              Plaintiff,                        **ORDER DIRECTING PLAINTIFF
                                                  TO FILE NOTICE OF ELECTION**
12         v.

13    WILLIAM L. MUNIZ,

14              Defendant.

15

16                              **INTRODUCTION**

17        Plaintiff, a prisoner at Salinas Valley State Prison ("SVSP"), filed this pro se civil action

18    against the SVSP Warden, William L. Muniz.[1]  For the reasons explained below, the complaint is

19    ordered served upon Defendant.

20                           **PROCEDURAL HISTORY**

21        Plaintiff first filed his claims on a federal habeas petition form in the United States District

22    Court for the Eastern District of California.  The Eastern District transferred the case to the Central

23    District of California, where Plaintiff was directed to clarify the nature of the action he sought to

24    bring because the pleadings were confusing.  (ECF No. 6.)  Plaintiff acknowledged that he

25    incorrectly used the federal habeas form to present his claim because he was sent that form by the

26    Eastern District.  (ECF No. 7at 2; ECF No. 8 at 2.)  The Honorable Dale S. Fischer of the Central

27    _____

28    [1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. §
      636(c).  (ECF No. 14.)

United States District Court
Northern District of California

1  District of California found that Plaintiff wished to pursue a civil action --- not a habeas petition --

2  - because the gravamen of Plaintiff's claim is that prison authorities are collecting on a debt

3  illegally under the Fair Debt Collection Practices Act and he is not challenging his conviction or

4  confinement.  (ECF No. 8.)  The case was transferred back to the Eastern District of California,

5  which then transferred the case to this court because SVSP, where Defendant is located and the

6  actions giving rise to Plaintiff's claims took place, is located in this District.  (ECF Nos. 8, 11.)

### STANDARD OF REVIEW

8  Federal courts must engage in a preliminary screening of cases in which prisoners seek

9  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

10  1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of

11  the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

12  may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.*

13  § 1915A(b).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901

14  F.2d 696, 699 (9th Cir. 1990).

15  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

16  claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

17  statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

18  which it rests."  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to

19  state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to

20  provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a

21  formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must

22  be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*,

23  127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to

24  state a claim for relief that is plausible on its face."  *Id.* at 1974.

### LEGAL CLAIMS

26  When liberally construed, Plaintiff's allegations state a cognizable claim that Defendant

27  William Muniz violated the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692-1692p) by

28  causing prison officials to collect on a debt improperly and without "validation."  However, before

construing a pro se habeas petition as a civil complaint, a district court must advise the prisoner of the consequences of construing a habeas petition as a civil complaint and provide an opportunity to withdraw or amend the complaint. *Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016) (en banc). Plaintiff was not warned by the Central or Eastern Districts about the consequences of proceeding with his claims in a civil action instead of a habeas petition. (*See* ECF Nos. 6, 8, 11.) Consequently, before this Court allows Plaintiff to proceed with this case as a civil action, Plaintiff is warned that doing so will subject him to the "three strikes," exhaustion, and in forma pauperis provisions of the Prison Litigation Reform Act. These provisions are set forth here:

(1) 28 U.S.C. § 1915(g) provides that a prisoner may not bring a civil action or appeal a judgment in a civil action or proceeding under 28 U.S.C. § 1915 (i.e., may not proceed in forma pauperis) "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury;"

(2) 42 U.S.C. § 1997e provides that "[n]o action shall be brought with respect to prison conditions under [] Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted;"

(3) even though Plaintiff is proceeding in forma pauperis, under 28 U.S.C. § 1915(b)(1) he will be required to pay the full amount of the filing fee of $350.00 by way of an "installment plan" that operates as follows: (1) first, the court will assess and collect a partial filing fee from the prisoner;[7] (2) after payment of the initial partial filing fee, the prisoner will be required to make monthly payments of 20% of the preceding month's income credited to the prisoner's account.

**CONCLUSION**

Within **28 days** of the date this order is filed, Plaintiff shall file a notice with the Court indicating whether he elects to: (1) proceed with this action as a civil action notwithstanding the foregoing consequences of doing so; (2) voluntarily dismiss this action; or (3) amend the petition to state a claim that is cognizable in a federal habeas petition. If Plaintiff does not file such a notice, this case will be dismissed without prejudice to Plaintiff bringing his claims in a civil

---

[7]The amount of the partial filing fee is equal to 20% of the greater of (a) the average monthly deposits to the prisoner's account for the last six months, or (b) the average monthly balance in the prisoner's account for the last six months. See id. § 1915(b)(1).

1    action at a future date.

2         **IT IS SO ORDERED.**

3    Dated: November 23, 2016

4

5                                                    _____
                                                     JACQUELINE SCOTT CORLEY
6                                                    United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

4

1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7    FREDERICK WILSON, JR.,                        Case No.  16-cv-03366-JSC

            Plaintiff,

8

        v.                                         **CERTIFICATE OF SERVICE**

9

10   WILLIAM L. MUNIZ,

            Defendant.

11

12          I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.

13   District Court, Northern District of California.

14          That on November 23, 2016, I SERVED a true and correct copy(ies) of the attached, by

15   placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by

16   depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery

17   receptacle located in the Clerk's office.

18

19   Frederick  Wilson, Jr. ID: Prisoner Id F-29297
     High Desert State Prison
20   P.O. Box 3030
     Susanville, CA 96127-3030

21

22

23   Dated: November 23, 2016

24

25                                                 Susan Y. Soong
                                                   Clerk, United States District Court

26

                                                   By:_____
27
                                                   Ada Means, Deputy Clerk to the
28                                                 Honorable JACQUELINE SCOTT CORLEY

                                                   5

*United States District Court*
*Northern District of California*