UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK WILSON, JR.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WILLIAM L. MUNIZ,<br><br>　　　　Defendant. | Case No. 16-cv-03366-JSC<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS; DENYING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 33, 34 |

Plaintiff, a prisoner at High Desert State Prison, filed this pro se civil action against William L. Muniz, the Warden at Salinas Valley State Prison ("SVSP"), where Plaintiff was formerly housed.[1] Pursuant to 28 U.S.C. § 1915A(a), this Court found that, when liberally construed, the complaint stated a cognizable claim that Defendant violated his rights under the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692-1692p) ("FDCPA") by causing prison officials to collect restitution payments from his inmate trust account without debt validation. (ECF No. 27.) Defendant has filed a motion for judgment on the pleadings, which Plaintiff has not opposed. Plaintiff has filed a motion for summary judgment, which Defendant opposes on the same basis as his motion for judgment on the pleadings.

Defendant argues that he is entitled to judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure because the debt validation provisions of the FDCPA do not apply to a state government official performing his official duties. Judgment on the pleadings under Rule 12(c) is proper when a complaint fails to state a claim upon which relief can be granted. *Balistreri v. Pacifica Police Dep't.*, 901 F.3d 696, 699 (9th Cir. 1990). The debt validation provisions of the FDCPA apply to "debt collectors." *See* 15 U.S.C. § 1692g. State

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 14, 32.)

employees performing their official duties are not debt collectors under the FDCPA, and thus the validation provision of the FDCPA do not apply to them. *See* 15 U.S.C. § 1692a(6)(C) (defining "debt collector" under the FDCPA and excluding from that definition "any officer or employee of . . . . any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties"). Defendant is a state employee and as a Warden of SVSP he is responsible for the custody and treatment of the inmates in his institution. *See* 15 Cal. Code Regs. § 3380. Insofar as he was involved in the collection of restitution payments from Plaintiff at SVSP, he was performing his official duty as a prison employee. Therefore, the FDCPA debt validation requirements do not apply to Defendant in his role collecting restitution fines from Plaintiff. Defendant has shown that Plaintiff's claim is not cognizable, and leave to amend is not appropriate because no amendment could render his claim against Defendant cognizable under the FDCPA. Defendant is entitled to judgment on the pleadings.

In light of the above analysis, Plaintiff is not entitled to summary judgment. The arguments he makes in his motion for summary judgment do not alter this conclusion. Plaintiff argues that he is entitled to default judgment because Defendant did not answer. Defendant chose to waive the right to reply, however, which is authorized in prisoner cases under 28 U.S.C. § 1997e(g). Plaintiff's other arguments --- that the California Attorney General cannot act as Defendant's attorney, that he has a right to discharge the debt under the Ninth Amendment to the United States Constitution, and that his health insurance policy is payment for his debt --- are frivolous, and do not address or undermine the conclusion that the FDCPA does not apply to him.

Defendant's motion for judgment on the pleadings is GRANTED, and Plaintiff's motion for summary judgment is DENIED. The Clerk shall enter judgment and close the file.

This order disposes of docket numbers 33 and 34.

**IT IS SO ORDERED.**

Dated: December 27, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge